### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LARRY ALEXIE, SR.** | * | CASE NO. |
| | * | |
| **versus** | * | SECTION |
| | * | |
| **HALLIBURTON ENERGY SERVICES, INC.,** | * | MAGISTRATE |
| **CAMERON INTERNATIONAL** | * | |
| **CORPORATION f/k/a COOPER CAMERON** | * | |
| **CORPORATION, AND WEATHERFORD** | * | |
| **INTERNATIONAL, INC., AND/OR** | * | |
| **WEATHERFORD INTERNATIONAL, LTD.** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### COMPLAINT

Plaintiff, Larry Alexie, Sr., through undersigned counsel, brings this action against the defendants identified below and avers as follows:

### INTRODUCTION

1.

This is an action to recover damages suffered by Plaintiff as a result of the oil spill that resulted from the explosion and fire aboard, and subsequent sinking of the oil rig Deepwater Horizon (hereinafter "Deepwater Horizon" or "Oil Rig") on April 20, 2010, at about 10:00 p.m. central time on the outer Continental Shelf, off the Louisiana coast. Following the sinking of the Oil Rig, approximately 5,000 barrels or more per day of crude oil have been leaking from the oil well upon which the Deepwater Horizon was performing completion operations, and from the pipe connected to it (drill stack). The fast-moving oil slick, which continues to grow exponentially, is headed towards the Louisiana coast and has already caused detrimental affects upon the Gulf of Mexico and Louisiana marine environments, coastal environments and estuarine areas, which are used by

Plaintiff for different activities, including fishing and to earn a livelihood.

## PARTIES

2.

Plaintiff, Larry Alexie, Sr., is a citizen of Louisiana who resides within this district. Plaintiff earns his livelihood as a commercial shrimper in the Gulf of Mexico and in the coastal zone (as that term is defined in 43 U.S.C. § 1331(e)) and, as a result of the events described above and below, he has suffered damages that are more fully described below.

3.

**Defendants herein are:**

(a) Halliburton Energy Services, Inc. ("Halliburton"), a foreign corporation doing business in the State of Louisiana and within this district;

(b) Cameron International Corporation f/k/a Cooper-Cameron Corporation ("Cameron"), a foreign corporation doing business in the State of Louisiana and within this district; and

(c) Weatherford International, Inc., and/or Weatherford International, LTD, a foreign corporation authorized to do and doing business in this state and judicial district.

## JURISDICTION AND VENUE

4.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1333 which extends exclusive Federal jurisdiction to the outer Continental Shelf.

5.

Prosecution of this action in this district is proper under 28 U.S.C. § 1391 because all the events or omissions giving rise to the claims asserted herein occurred in this district.

**FACTUAL ALLEGATIONS**

6.

Transocean, Ltd., Transocean Offshore and Transocean Deepwater (collectively "Transocean") are the owners and/or operators of the Deepwater Horizon, a semi-submersible mobile drilling rig, which was performing completion operations for BP, BP Products and BP America on the outer Continental Shelf, at the site from which the oil spill now originates, on April 20, 2010.

7.

BP, BP Products and BP America (collectively "BP") are the holders of a lease granted by the Minerals Management Service that allows BP to drill for oil and perform oil-production-related operations at the site of the and oil spill, and on April 20, 2010 operated the oil well that is the source of the oil spill.

8.

Upon information and belief, Cameron manufactured and/or supplied the Deepwater Horizon's blow-out-preventers ("BOP") that failed to operate upon the explosion, which should have prevented the oil spill. The BOP's were defective because they failed to operate as intended. As such, Cameron is liable to Plaintiff pursuant to the Louisiana Products Liability Act in addition to being liable for its negligence.

9.

Halliburton was engaged in cementing operations of the well and well cap and, upon information and belief, improperly and negligently performed these duties, increasing the pressure at the well and contributing to the fire, explosion and resulting oil spill.

## CAUSES OF ACTION

10.

The fire and explosion on the Deepwater Horizon, its sinking and the resulting oil spill were caused by the negligence of Defendants Halliburton and Cameron, which renders them liable jointly, severally and in-solido to Plaintiff for all his damages pursuant to the General Maritime Law, or, alternatively, under La. Civ. Code arts. 2315, 2316, 2317, 2317.1, 2320 and/or 2322.

11.

The injuries and damages suffered by Plaintiff were caused by Defendants' violations of numerous statutes and regulations, including, but not limited to, statutes and regulations issued by OSHA and the United States Coast Guard, including the requirement to test the sub-sea BOP's at regular intervals.

12.

Defendants knew of the dangers associated with deep water drilling and failed to take appropriate measures to prevent damage to Plaintiff and Louisiana's and the Gulf of Mexico's marine and coastal environments and estuarine areas, and the Coastal Zone, where Plaintiff works and earn a living.

13.

The spilled oil would not simply evaporate off of the surface of the water and is causing dangerous environmental contamination of the Gulf of Mexico and its shorelines, threatening Louisiana's sensitive wetlands and estuarine areas.

14.

The oil spill and the contamination have caused and will continue to cause loss of revenue

to persons (and businesses) who are being prevented from using the Gulf of Mexico and Louisiana's Coastal Zone for diverse activities, including work and to earn a living.

15.

There are many other potential affects from the oil spill that have not yet become known, and Plaintiff reserves the right to amend this Complaint once additional information becomes available.

16.

The fire, explosion and resulting oil spill was caused by the concurrent negligence of the Defendants.

17.

Upon information and belief, Plaintiff avers that the fire, explosion and resulting oil spill was caused by the joint negligence and fault of the Defendants in the following non-exclusive particulars:

    a.       Failing to properly operate the Deepwater Horizon;

    b.       Operating the Deepwater Horizon in such a manner that a fire and explosion occurred onboard, causing it to sink and resulting in an oil spill;

    c.       Failing to properly inspect the Deepwater Horizon to assure that its equipment and personnel were fit for their intended purpose;

    d.       Acting in a careless and negligent manner without due regard for the safety of others;

    e.       Failing to promulgate, implement and enforce rules and regulations pertaining to the safe operations of the Deepwater Horizon which, if they had been so promulgated, implemented and enforced, would have averted the fire, explosion, sinking and oil spill;

    f.       Operating the Deepwater Horizon with untrained and unlicensed personnel;

    g.       Inadequate and negligent training and hiring of personnel;

      h.      Failing to take appropriate action to avoid or mitigate the accident;

      i.      Negligent implementation of policies and procedures to safely conduct offshore operations in the Gulf of Mexico;

      j.      Employing untrained or poorly trained employees and failing to properly train their employees;

      k.      Failing to ascertain that the Deepwater Horizon and its equipment were free from defects and/or in proper working order;

      l.      Failure to timely warn;

      m.      Failure to timely bring the oil release under control;

      n.      Failure to provide appropriate accident prevent equipment;

      o.      Failure to observe and read gauges that would have indicated excessive pressures in the well;

      p.      Failure to react to danger signs;

      q.      Providing BOP's that did not work properly;

      r.      Conducting well and well cap cementing operations improperly;

      s.      Acting in a manner that justifies imposition of punitive damages; and

      t.      Such other acts of negligence and omissions as will be shown at the trial of this matter; all of which acts are in violation of the laws of Louisiana and Federal law applicable on the outer Continental Shelf.

18.

In addition, and in the alternative, the fire, explosion, sinking and resulting oil spill were caused by defective equipment, including the BOP's, which were manufactured, designed, and/or installed by Defendant Cameron in violation of the Louisiana Products Liability Act, LA. REV. STAT.

§ 9.2800.54, <u>et. seq</u>.  The defective BOP proximately caused Plaintiff's injuries, was unreasonably dangerous, and caused Plaintiff's injuries while in its reasonably anticipated use.

19.

The injuries to Plaintiff were also caused by or aggravated by the fact that Defendants failed to take necessary actions to mitigate the danger associated with their operations.

20.

In addition, and in the alternative to the aforementioned causes of action, these acts of negligence render the defendants liable to plaintiff pursuant to the general maritime law for negligence.

21.

Defendant Weatherford was at all times relevant BP's primary casing specialist.  Upon information and belief, a proximate cause of the blowout, explosion, fire, and oil spill was due to the negligence of Weatherford and/or those for whom it was responsible by inadequately and/or improperly doing the casing job it was tasked with.

22.

In addition to the negligent actions described above, and in the alternative thereto, the injuries
and damages suffered by Plaintiff were caused by the acts and/or omissions of the Defendants that are beyond proof by the Plaintiff, but which were within the knowledge and control of the Defendants, there being no other possible conclusion than that the fire, explosion, sinking and oil spill resulted from the negligence of Defendants.  Furthermore, the fire, explosion, sinking and the resulting oil spill would not have occurred had the Defendants exercised the high degree of care imposed on them and Plaintiffs, therefore, plead the doctrine of res ipsa loquitur.

23.

Plaintiff is entitled to a judgment finding Defendants liable to Plaintiff for damages suffered as a result of Defendants' negligence and awarding Plaintiff adequate compensation therefor in amounts determined by the trier of fact.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants, jointly, severally and in solido, as follows:

a.  Economic and compensatory damages in amounts to be determined at trial;

b.  Punitive damages;

c.  Pre-judgment and post-judgment interest at the maximum rate allowable by law;

d.  Attorney's fees and costs of litigation; and

e.  Such other and further relief available under all applicable state and federal laws and any relief the Court deems just and appropriate.

RESPECTFULLY SUBMITTED BY:

/s Soren E. Gisleson
Stephen J. Herman, T.A. (LA. Bar No. 23129)
James C. Klick (LA Bar No. 7451)
Russ Herman (LA Bar No. 6819)
Soren E. Gisleson (LA Bar No. 26302)
Joseph E. Cain (LA Bar No. 29785)
Herman Herman Katz & Cotlar LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Fax: (504) 569-6024
E-Mail: sherman@hhkc.com

***Attorneys for Larry Alexie, Sr.***